**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| ERIC R. CRUZ REYES | CIVIL ACTION NO. 26-1747 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| JACKSON PARISH CORRECTIONAL CENTER, ET AL. | MAG. JUDGE WHITEHURST |

## ORDER

Eric R. Cruz Reyes ("Reyes") has filed a petition for a writ of habeas corpus, Record Document 1, and an emergency motion for injunctive relief, Record Document 2. The habeas petition is **REFERRED** to the Magistrate Judge for recommendation. Record Document 1. For the following reasons, the motion for injunctive relief is **DENIED**. Record Document 2.

First, Reyes asks for an order prohibiting his transfer to another jurisdiction. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Second, Reyes asks for a stay of removal. Even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

1

Moreover, although this Court has "the power to preserve existing conditions while it [determines] its own authority to grant injunctive relief[,]" Reyes has not alleged any sort of lawful status, and without such, the Court declines to grant him temporary relief. *Cf. Umanzor Maldonado v. Lyons*, No. 26-112, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (restraining removal during habeas proceeding where noncitizen had deferred action status).

**DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of May, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

2